Ms. Shannon Tuckett Attorney for the City of Texarkana 507 Hickory Street Texarkana, Arkansas 75504
Dear Ms. Tuckett:
This is in response to your request for an opinion, pursuant to A.C.A. 25-19-105(c)(3)(B), on whether the City of Texarkana's decision not to release any records in the personnel file of a former employee is correct under the "Freedom of Information Act" ("FOIA") (A.C.A. 25-19-101 to -107 (Repl. 1992). Specifically, you indicate that the employee was terminated "because of a strong suspicion of misappropriating funds. . . ." Although the employee has made restitution, the City reported the suspected activity to law enforcement officials who made an investigation of the matter.[1]
You indicate that the Texarkana Gazette has requested any records regarding the former employee. After reviewing the personnel file, which contains all of the relevant records, you concluded that no records could properly be produced because the FOIA exempts records the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, and in this case "it is undoubted that the Employee would consider the release of the records a clearly unwarranted invasion of personal privacy." You also indicate, however, that the FOIA requires public disclosure of "employee evaluation or job performance records" of employees who have been suspended or terminated where all administrative appeals have been exhausted, the records formed the basis for the termination of suspension, and there is a compelling public interest in their disclosure. It is your belief that none of the records in the personnel file are "employee evaluation or job performance records" and you thus take the position, in light of the personnel records exemption and this exception, that none of the records in the personnel file are subject to disclosure. You ask my review of this decision.
It is my opinion that the decision not to release any records in the former employee's personnel file is contrary to the Freedom of Information Act.
Most of the records contained in the personnel file are, in my opinion, personnel records. It should be noted, however, that personnel records are exempt under the FOIA only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." To the extent, therefore, that the records are "personnel records," the blanket denial of access is contrary to the FOIA. Rather, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) should be deleted from personnel records and the remainder of the records made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
While neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989) did apply a three-part test in this regard.
Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369
(5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. The fact that the particular employee may consider the release of the records to be a clearly unwarranted invasion of personal privacy, as you suggest, is not relevant to the analysis. It is therefore my opinion that any "personnel records" contained in the personnel file should be released with exempt information excised. Exempt information in these files includes information relating to marital status or children, social security numbers, telephone numbers (if unlisted), and in my opinion the names of persons to contact in case of an emergency. This information should be excised, and the remainder of the records released.
It is also my opinion, however, that some of the records contained in the personnel file are "employee evaluation or job performance records." This office has stated that job performance records detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See e.g., Op. Att'y Gen. No.92-191. We have previously opined that a letter of recommendation of termination, letters of reprimand and other disciplinary records are "job performance records." See Op. Att'y. Gen. Nos. 88-097, 91-303, and 91-324. Such records are to be released under the FOIA if the employee has been suspended or terminated, the records formed the basis for the suspension or termination, final administrative resolution of the matter has been had, and there is a compelling public interest in their disclosure. You have indicated that the employee was terminated; and in my opinion the misappropriation of public funds gives rise to a compelling public interest in disclosure. If, therefore, the records formed the basis for the termination and final administrative resolution of the matter has been had, it is my opinion that the "job performance records" contained in the personnel file are subject to disclosure.
As a final matter, it should be noted that certain other records, whether or not personnel records or job performance records, such as medical, scholastic, adoption or tax records, are exempted by other specific exemptions in the FOIA. See A.C.A. 25-19-105(b). This type of information may also be exempted by other state statutes or federal law. There are three documents which relate to tax information or withholding in the personnel file which in my opinion are exempt from disclosure under state and federal law. See Op. Att'y. Gen. No. 91-093 (copy enclosed). This information should therefore not be released.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] You have not indicated in your request whether the investigation is "ongoing" for purposes of the exception contained at A.C.A. 25-19-105(b)(6). It is my understanding, however, from discussions with you, that the law enforcement officials involved consider the investigation closed. This exception is therefore not applicable to the facts at hand.